IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:11-HC-2032-FL

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | **ORDER** |
| STEVEN G. MARSH, | ) | |
| Respondent. | ) | |

This case comes before the court on the government's motion (D.E. 20) to compel respondent to submit to a psychological examination by Mark E. Hastings, Ph.D. Hastings is a licensed psychologist who has already prepared an evaluation of respondent on behalf of the government without interviewing him. (Hastings Rep. (D.E. 11-1) 1). The government seeks an examination by Hastings primarily because respondent has submitted to an examination by the respondent-selected examiner appointed by the court, and it believes fairness dictates that a psychologist of its choosing also have the opportunity to examine respondent.[1]

Respondent has not filed a response, and the time within which to do so has expired.

Under the circumstances presented, the court finds that Hastings, whose credentials the court has reviewed and finds satisfactory for purposes of this order (*see* D.E. 15-1), should be appointed as an examiner pursuant to 18 U.S.C. §§ 4247(b) and 4248(b). He will necessarily be acting as one selected by the government. IT IS THEREFORE ORDERED as follows:

---

[1] Although the court has appointed Leonard A Bard, Ph.D. as the respondent-selected examiner appointed by the court (*see* Order (D.E. 19)), the government states in its motion, "Respondent was interviewed by his selected examiner, Dr. Luis Rosell, and Dr. Rosell will serve as an expert in Respondent's case." (Mot. 1 ¶ 3). The court assumes that the reference to Dr. Rosell was a clerical error and that the government intended to refer to Dr. Bard. The court accepts the government's assertion that respondent was examined by the court-appointed, respondent-selected examiner, although no report of such an examiner appears in the record and respondent's initial disclosures were due 30 November 2011.

1. The motion (D.E. 20) is ALLOWED on the terms set forth herein.

2. The court hereby APPOINTS Hastings as a mental health examiner pursuant to 18 U.S.C. §§ 4247(b) and 4248(b).

3. Hastings shall conduct a psychological examination of respondent and shall prepare a written report on the examination containing the information prescribed by 18 U.S.C. § 4247(c), as well as a copy of his curriculum vitae. The report shall be filed with the court, under seal without further order of the court, with copies provided to counsel for each party, also pursuant to 18 U.S.C. § 4247(c).

4. Respondent shall submit to the examination by Hastings.

5. The Department of Justice shall be responsible for payment of the costs of the examination by Hastings and his report.

6. No other expert shall conduct a mental health examination of respondent on behalf of the government (or respondent) without prior court approval.

SO ORDERED, this 29th day of December 2011.

James E. Gates
United States Magistrate Judge